# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X
SERGIO AVILA,

                                      Plaintiff,

-against-

TARGET CORPORATION d/b/a TARGET STORES,

                                      Defendant.
-----------------------------------------------------------------------X

Index No.: _____
Date Purchased: _____

Plaintiff designates New York
County as the place of trial.

The basis of venue is:
Defendant's Place of Business.

**SUMMONS**

Plaintiff resides at
692 Broadway
Brentwood, New York 11717

**TO THE ABOVE-NAMED DEFENDANT:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve notice of appearance on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within this state, or, within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   Mineola, New York
           August 27, 2020

                                                Jeffrey P. Miller
                                                SILER & INGBER, LLP
                                                *Attorneys for Plaintiff*
                                                301 Mineola Boulevard
                                                Mineola, New York 11501
                                                (516) 294-2666

**Defendant's Address:**

TARGET CORPORATION d/b/a TARGET STORES
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
SERGIO AVILA,

                      Plaintiff,

        **VERIFIED COMPLAINT**

-against-

TARGET CORPORATION d/b/a TARGET STORES      Index No.: _____

                      Defendant.
-----------------------------------------------------------------X

      Plaintiff, SERGIO AVILA, by his attorneys, SILER & INGBER, LLP, complaining of Defendant, TARGET CORPORATION d/b/a TARGET STORES, respectfully alleges, upon information and belief, as follows:

      1.     That at all times hereinafter mentioned, Plaintiff, SERGIO AVILA, was, and still is, a resident of the County of Suffolk, State of New York.

      2.     That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, was, and still is, a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Minnesota.

      3.     That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, transacted business in the County of New York, State of New York.

### AS AND FOR A FIRST CAUSE OF ACTION

      4.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "3" as set forth herein.

      5.     That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, was the owner of the property located at

160 N. Research Place, Central Islip, County of Suffolk, State of New York (upon information and belief also known as the Central Islip location and hereinafter referred to as the "Premises").

6.  That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, was the lessor of the Premises.

7.  That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, was the lessee of the Premises.

8.  That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees maintained the Premises.

9.  That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees operated the Premises.

10. That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees controlled the Premises.

11. That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees were in possession of the Premises.

12. That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees managed the Premises.

13. That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or

employees supervised, operated, managed, maintained, controlled, and at times and various times inspected the Premises and had in its employ officers, agents, servants, and/or employees who generally or periodically inspected the Premises.

14. That on or about April 23, 2020, Plaintiff, SERGIO AVILA, was lawfully on or about the aforesaid Premises at the express and/or implied invitation and/or permission of Defendant, TARGET CORPORATION d/b/a TARGET STORES.

15. That Plaintiff, SERGIO AVILA, in particular and the public in general were invited to the Premises of Defendant, TARGET CORPORATION d/b/a TARGET STORES, for the purpose of purchasing various food, household items, and/or merchandise from Defendant, TARGET CORPORATION d/b/a TARGET STORES.

16. That on or about April 23, 2020, Plaintiff, SERGIO AVILA, was a patron of Defendant, TARGET CORPORATION d/b/a TARGET STORES, at the aforementioned Premises.

17. That Defendant, TARGET CORPORATION d/b/a TARGET STORES, owed a duty to Plaintiff, SERGIO AVILA, to exercise the highest degree of care regarding Plaintiff, SERGIO AVILA's safety.

18. That Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees owed a duty of reasonable care to Plaintiff, SERGIO AVILA.

19. That, upon information and belief, at all times hereinafter mentioned, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees were charged with the duty of keeping the Premises in a safe and proper condition sufficient to protect those lawfully in and about and/or traversing the Premises and that Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or

employees owed such a duty to Plaintiff, SERGIO AVILA.

20. That on or about April 23, 2020, while Plaintiff, SERGIO AVILA, was lawfully on and about the Premises of Defendant, TARGET CORPORATION d/b/a TARGET STORES, and solely by reason of the carelessness and negligence of said Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees as hereinafter set forth, Plaintiff, SERGIO AVILA, was caused to sustain serious personal injuries.

21. That Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees breached their duty to provide a safe place to traverse and were negligent in their ownership, operation, management, control, and supervision of the Premises, as aforesaid, in that owing to the carelessness, negligence, recklessness, improper and unlawful conduct of Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees, Plaintiff, SERGIO AVILA, sustained the injuries hereinafter alleged; in causing, in allowing and permitting the said Premises to remain in a dangerous, defective, slippery, improper, and unlawful condition; in negligently and carelessly causing or allowing a dangerous, defective, and unsafe condition to exist; in failing to protect Plaintiff, SERGIO AVILA, or persons similarly situated; in failing to properly maintain the area where Plaintiff, SERGIO AVILA, was injured; in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees knew, or in the exercise of reasonable care should have known, of the presence of the defective, dangerous, and/or hazardous condition; in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees should have warned Plaintiff, SERGIO AVILA, of the dangerous and hazardous condition of the area where Plaintiff, SERGIO AVILA, was injured; in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees failed

to warn Plaintiff, SERGIO AVILA, of the condition which Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees knew or should have known about; in causing, permitting, and/or creating a dangerous, entrapping, and negligent condition to exist and to continue to exist; in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees were further careless and negligent in failing to provide a safe and proper place for Plaintiff, SERGIO AVILA, and others similarly situated to traverse; and Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees otherwise negligent in the operation, maintenance, management, control, and supervision of the Premises, all in violation of the laws and ordinances of the County of Suffolk and/or State of New York.

22. That while walking on, in, and/or about the Premises at the time and place aforesaid, Plaintiff, SERGIO AVILA, was caused to fall due to the aforesaid defective condition.

23. That the aforesaid occurrence was caused by and due to the breach of duty on behalf of Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees and separately the negligence of Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees in the ownership, management, maintenance, operation, supervision and control of the aforesaid Premises and in failing to provide Plaintiff, SERGIO AVILA, with a safe place to traverse as required by law.

24. That the aforesaid occurrence and the personal injuries sustained by Plaintiff, SERGIO AVILA, were caused wholly by reason of the breach of duty to provide a safe place to traverse and separately the negligence, recklessness, and/or carelessness of Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees.

25. That there was no culpable conduct on the part of Plaintiff, SERGIO AVILA,

contributing thereto.

26. That solely by reason of the foregoing, Plaintiff, SERGIO AVILA, was rendered sick, sore, lame, bruised and disabled; received severe and serious injuries to diverse parts of his body; experienced and continues to experience great pain and suffering; and Plaintiff, SERGIO AVILA, has been informed and verily believes said injuries to be of a permanent and lasting nature; and Plaintiff, SERGIO AVILA, was compelled and continues to be compelled to obtain medical care and treatment for said injuries; and Plaintiff, SERGIO AVILA, was compelled and continues to be compelled to expend diverse sums of money for such medical care and treatment; and Plaintiff, SERGIO AVILA, was incapacitated from attending to his usual duties, functions, employment, and recreational activities; and in other ways Plaintiff, SERGIO AVILA, was damaged, all of which will continue into the future.

27. That the limitations of liability as set forth in C.P.L.R. § 1601 do not apply herein because one or more of the exemptions set forth in C.P.L.R. § 1602 apply.

28. By reason of the foregoing, Plaintiff, SERGIO AVILA, has been damaged in an amount in excess of the maximum monetary jurisdiction of all lower courts.

## AS AND FOR A SECOND CAUSE OF ACTION

29. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs "1" through "28" as set forth herein.

30. That, upon information and belief, at all times hereinafter mentioned, the Premises had inadequate warnings and/or signs indicating that said condition existed in an aisle, in violation of the applicable laws, codes, rules, and regulations.

31. That, upon information and belief, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees created the aforesaid

condition.

    32.    That, upon information and belief, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees were notified on numerous occasions of the aforementioned defective condition and knew that same were dangerous, and that Plaintiff, SERGIO AVILA, and others visiting the aforementioned Premises were in danger of sustaining injury due to the condition, thereby risking and causing injury.

    33.    That, upon information and belief, Defendant, TARGET CORPORATION d/b/a TARGET STORES, its officers, agents, servants, and/or employees had actual and constructive knowledge and notice of the defective condition or that the condition had existed for a sufficient length of time prior to the happening of the accident that Defendant, TARGET CORPORATION d/b/a TARGET STORES, could and should have had such knowledge and notice.

    34.    That while walking on, in, and/or about the Premises at the time and place aforesaid, Plaintiff, SERGIO AVILA, was caused to fall due to the aforesaid defective condition.

    35.    That the aforesaid occurrence was due to the negligence of Defendant, TARGET CORPORATION d/b/a TARGET STORES, in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, failed to warn Plaintiff, SERGIO AVILA, in particular and the public in general of the dangerous and hazardous condition; in failing to provide safe passageway for Plaintiff, SERGIO AVILA; in maintaining the condition so that it constituted a nuisance, trap, and menace to the safety of the members of the public; in failing to guard against a danger which Defendant, TARGET CORPORATION d/b/a TARGET STORES, should have anticipated; in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, ignored numerous complaints in failing to maintain, repair, and remedy said dangerous condition; in that Defendant, TARGET CORPORATION d/b/a TARGET STORES, was reckless, careless and negligent in not providing

for the regular inspection, supervision, maintenance, management and control of the Premises in question; and in that said injury to Plaintiff, SERGIO AVILA, was caused by reason of the negligence of Defendant, TARGET CORPORATION d/b/a TARGET STORES, its agents, servants, and/or employees, causing Plaintiff to sustain serious and permanent personal injuries.

36. That as a result of the foregoing, Plaintiff, SERGIO AVILA, was caused to sustain serious, severe, permanent and disabling injuries.

37. That the incident herein was caused solely by the negligence of Defendant, TARGET CORPORATION d/b/a TARGET STORES, herein without any conduct of Plaintiff, SERGIO AVILA, contributing thereto.

38. That the limitations of liability as set forth in C.P.L.R. § 1601 do not apply herein because one or more of the exemptions set forth in C.P.L.R. § 1602 apply.

39. By reason of the foregoing, Plaintiff, SERGIO AVILA, has been damaged in an amount in excess of the maximum monetary jurisdiction of all lower courts.

**WHEREFORE**, Plaintiff, SERGIO AVILA, demands judgment against Defendant, TARGET CORPORATION d/b/a TARGET STORES, in an amount in excess of the maximum monetary jurisdiction of all lower courts, and for such other further relief as this Honorable Court deems just and proper.

Dated: Mineola, New York
       August 27, 2020

Jeffrey P. Miller
SILER & INGBER, LLP
*Attorneys for Plaintiff*
301 Mineola Boulevard
Mineola, New York 11501
(516) 294-2666

FILED: NEW YORK COUNTY CLERK 08/28/2020 11:02 AM
NYSCEF DOC. NO. 1

Case 2:21-cv-00907-PKC-AKT   Document 1-1   Filed 01/26/21   Page 11 of 12 PageID #: 14
INDEX NO. 156886/2020
RECEIVED NYSCEF: 08/28/2020

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK)
                  ) ss.:
COUNTY OF NASSAU )

The undersigned, an attorney, duly admitted to practice law in the courts of the State of New York, shows that:

I am associated with the law firm of SILER & INGBER, LLP, the attorneys of record for the Plaintiff in the within action; I have read the foregoing document and know the contents thereof; the same is true to my knowledge, except as to the matters therein states to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by Plaintiff is that Plaintiff does not reside in the County in which your affirmant maintains his office.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: books, records, memoranda, etc. in office file.

I affirm that the foregoing is true, under the penalties of perjury.

Dated: Mineola, New York
       August 27, 2020

*/s/ Jeffrey P. Miller*
JEFFREY P. MILLER

INDEX NO.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SERGIO AVILA,

           Plaintiff,

- against -

TARGET CORPORATION d/b/a TARGET STORES,

           Defendant.

## SUMMONS AND VERIFIED COMPLAINT

### SILER & INGBER, LLP
*Attorneys for Plaintiff*
301 Mineola Boulevard
Mineola, New York 11501
Phone: (516) 294-2666
Fax: (516) 294-0870

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:   Mineola, New York
           August 27, 2020

                                                    Jeffrey P. Miller

Service of a copy of the within                    is hereby admitted

Dated,

                                                    Attorney(s) for Plaintiff

Sir: - Please take notice

on                        20   at          M.
Dated,                                        Yours, etc.
                                                  SILER & INGBER, LLP
To                                                  *Attorneys for Plaintiff*
                                                  301 Mineola Boulevard
                                                  Mineola, New York 11501
                                                  (516) 294-2666