UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SERGIO AVILA,

                Plaintiff,

        -against-

TARGET CORPORATION,

                Defendant.
-------------------------------------------------------------X

**ORDER**

21-CV-907 (PKC)(JMW)

**A P P E A R A N C E S:**

Christopher Jon Longman, Esq.
Jeffrey B. Siler, Esq.
**Siler & Ingber, LLP**
301 Mineola Blvd.
Mineola, NY 11501
*Attorney for Plaintiff Sergio Avila*

Sal F. DeLuca, Esq.
Michael C Lamendola, Esq.
**Simmons Jannace DeLuca, LLP**
43 Corporate Drive
Hauppauge, NY 11788
*Attorney for Defendant Target Corporation*

**WICKS,** Magistrate Judge:

       Defendant Target Corporation ("Defendant" or "Target") moves the Court to strike the deposition testimony of non-party witness Jonathan Cruz ("Cruz"), a former employee of Target. For the reasons stated below, the motion is denied.

1

## I.    BACKGROUND

On April 23, 2020, in the electronics department of Defendant's store located at Central Islip, New York, Plaintiff fell, then sued. The parties sharply disagree over the cause of the accident and the injuries sustained. The Court assumes the parties' familiarity with the underlying facts and procedural history of this case. (*See* Electronic Order dated Sept. 22, 2022.) The deadline for the close of all fact discovery is October 31, 2022. At issue here is deposition of non-party witness Cruz on June 14, 2022, in particular the abrupt ending of that deposition. (DE 41 at 1.)

On Plaintiff's subpoena, Cruz was deposed. Target was then given opportunity, pursuant to Fed. R. Civ. P. 30(c)(1), to cross-examine Cruz, which it did. Before the deposition was concluded, however, Cruz announced he had to leave for work. The parties, as well as Cruz, agreed on the record to continue the deposition on June 17, 2022. (DE 41 at 2; DE 41-2 at 150-153.) June 17 came and went, and Cruz failed to appear despite Plaintiff's counsel's attempts to contact him through several phone calls and a text message while on the record. (DE 41 at 2; DE 41-4 at 4-8.) Defendant states, and Plaintiff does not contest, that Plaintiff has made no further efforts to compel Cruz's return. (DE 41 at 3.) Defendant alleges its inability to complete cross-examination merits "striking" Cruz's deposition testimony: "Target has been prejudiced by its inability to exercise its right to cross-examine Cruz, especially considering the serious issues with the veracity of his testimony already shown." (DE 41 at 3.) According to Plaintiff, Defendant possesses Cruz's current address and telephone number so it can contact Cruz directly or move to compel Cruz to reappear to conclude the deposition. (DE 42 at 2.)

## II.     DISCUSSION

Federal Rule of Civil Procedure 30 provides that "the examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . ." Fed. R. Civ. P. 30(c)(1). Defendant states, and Plaintiff does not dispute, that the right to cross-examination is available in a civil trial and in depositions. Indeed, "cross-examination of a witness is a matter of right." *Alford v. United States*, 282 U.S. 687, 691 (1931). That right is available during depositions in civil cases. *See Schering Corp. v. Home Ins. Co.*, 712 F.2d 4, 9 (2d Cir. 1983) (noting "the availability of cross-examination during sworn testimony, in depositions or interrogatories, in effect, is adequate protection of the parties' rights").

Defendant argues it been prejudiced by the inability to utilize its right to cross-examine Cruz "especially considering the serious issues with the veracity of [Cruz's] testimony already shown." (DE 41 at 3.) For example, during direct, Cruz testified that he did not actually witness the slip and fall despite having identified himself as a witness to the accident prior. (DE 41 at 2-3.) Defendant claims it was also unable to cross-examine Cruz using the surveillance footage or confront his testimony on various subjects. (DE 41 at 2.) For instance, Cruz's claim that a Target superior had directed him to leave parts of his witness statement blank related to the involvement of a re-stocking cart in the incident. (DE 41 at 2).

A party can be prejudiced by the lack of opportunity to "put the weight of [the witness'] testimony and [] credibility to a test, without which the jury cannot fairly appraise them." *Du Beau v. Smither and Mayton. Inc.*, 203 F.2d 395, 396 (D.C. Cir. 1953). And cross-examination can be used to "test credibility as well as to seek the truth," or to "delve into the witness' story to test the witness' perceptions and memory." *Pillsburv Co. v. Conboy*, 459 U.S 248, 259 (1983); *Davis v. Alaska*, 415 U.S. 308, 317 (1974).

However, the Court finds that a motion to strike Cruz's testimony is not the proper remedy or recourse. Defendant states that "[w]here a witness refuses to submit to cross-examination, Courts routinely strike their direct testimony or preclude them from testifying at trial." (DE 41 at 2.) Tellingly, the slew of cases cited by Defendant for that proposition generally involve, *inter alia*, issues at trial or motions to strike evidence proffered in support of a dispositive motion. *See., e.g.*, *U.S. v. Cardillo*, 316 F.2d 606, 609 (2d Cir. 1963) (motion to strike trial testimony); *Du Beau*, 203 F.2d at 396 (motion to strike deposition testimony made at trial); *Denham v. Deeds*, 954 F.2d 1501, 1504 (9th Cir. 1992) (motion to exclude trial testimony); *Consumer Fin. Protection Bur. v. Access Fundine, LLC*, No. 16-cv-3759, 2021 WL2915118, at *20 (D. Md. Jul. 12, 2021) (motion to strike deposition testimony offered in support of plaintiff's motion for summary judgment). The circumstances here are far different. Here, Defendant puts the proverbial cart before the horse, moving to strike Cruz's deposition testimony during discovery before it is even offered for admission as evidence by Plaintiff in a motion or for trial.

Defendant also relies on *Mathes v. Mid-Century Ins. Co.*, No. 06-cv-01161 (SNL), 2008 WL 222716, at *1 (E.D. Mo. Jan. 25, 2008) for the proposition that Defendant "did not adequately benefit from [its] right to cross-examination" because the deposition witness left in the middle of cross-examination and did not return. (*See* DE 41 at 3.) *Mathes* does not provide a lifeboat to Defendant here. That case concerned a pre-trial motion to strike the video deposition testimony of a witness whose cross-examination was incomplete. *Mathes*, 2008 WL 222716 at

4

*1. There, the plaintiff moved to strike the use of the deposition testimony, in its entirety, whether before or during trial.[1] *Id.* The court rejected that attempt. *Id.* at *3.

First, as to pre-trial use, the court in *Mathes* found "no reasonable bar to Defendant's use" of the deposition testimony for pre-trial matters. *Id.* at *2. The federal rules governing discovery allow "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." *See id.* (citing Fed. R. Civ. P. 26(b)(1)). And "[r]elevant information 'need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *See id.* The court noted that the plaintiff refused to explore other options for conducting the deposition and simply moved to exclude it. *Id.* Then, the court went on to find that even if the deposition testimony was "useless (or prejudicial) to [the] [p]laintiff's position," nothing prevented defendant's from using it during pre-trial matters. *Id.* at *2.

Similarly, here, Defendant without explaining what if, any, steps it has taken to secure Cruz's deposition testimony, simply seeks to exclude it while also criticizing Plaintiff for their lack of efforts. In any event, the Court does not see a compelling reason to bar pre-trial discovery related use of Cruz's deposition testimony. Nor has Defendant cited any authority, statute, case law, or treatise, to support that proposition. Thus, to the extent Defendant seeks to preclude Plaintiff from using Cruz's deposition testimony during discovery or motion practice, that request is denied.

Second, as to use at trial, the *Mathes* court noted that at trial deposition testimony may pass through the gates of hearsay where the deponent is unavailable and when the opposing party

---

[1] The Court notes that Defendant's motion does not specify whether it seeks to strike the use of the deposition testimony for pre-trial purposes, trial purposes, or both. (*See* DE 41). The Court addresses both.

5

has had the opportunity to confront and cross-examine the witness. *Id.* at *1. But the court deferred ruling on the admissibility of the witness's deposition testimony until trial. *Id.* at *1. The court found that though the plaintiff was not given the opportunity to fully exercise their right to cross-examination, the witness was not yet an "unavailable" witness within the meaning of the federal rules. *Id.* at *3 (citing Fed R. Evid. 804). Thus, the Court concluded that, if by the date of trial, plaintiff did indeed receive an opportunity to cross-examine the witness, and the witness was deemed unavailable, the deposition testimony would be admitted. *Id.* Otherwise, the court would strike the deposition testimony in its entirety, unless it found that the plaintiff failed to use reasonable efforts to obtain the testimony, then it may permit its use. *Id.* at *3, n.3.

Rather than a motion to strike, the proper recourse for Defendant lies elsewhere. It is unclear why Defendant did not avail itself of Federal Rule of Civil Procedure 45 to compel the continued testimony it seeks. *See, e.g.*, *Lokai Holdings, LLC v. Twin Tiger USA, LLC*, No. 15-cv-9363 (ALC)(DF), 2017 U.S. Dist. LEXIS 85060, at *17 (S.D.N.Y. Jun. 2, 2017) (granting a motion to compel a non-party's appearance pursuant to a subpoena); *Wet Wang v. Jianming Shen*, No. 2:17-cv-00153, 2019 WL 3755259, at *6-7 (D. Vt., Aug. 8, 2019) (granting, in part, a motion to compel continuation of a third-party's deposition). Indeed, nothing prevented Defendant from serving its own subpoena.

The subpoena that was served by Plaintiff is a court order requiring non-party Cruz to make himself available for a deposition. It is undisputed that Cruz was properly noticed and subpoenaed for the deposition. (*See* DE 41-1 at 2-7.) The seven-hour time limit for the deposition did not lapse and the parties all consented to continue the deposition.[2] *See* Fed. R.

---

[2] The record is clear that the June 14, 2022, deposition lasted for approximately three hours and eight minutes, from 10:00 AM to 1:09 PM. (DE 41-2 at 2, 154.)

6

Civ. P. 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours."); *Condit v. Dunne*, 225 F.R.D. 100, 112 (S.D.N.Y. 2004) ("[O]nly the time taken for the actual deposition, not breaks, counts toward the 7 hours[.]"). Thus, unexpired time remains for a continued deposition.[3] Plaintiff highlights that Defendant is in possession of Cruz's — its own former employee's — contact information and address. Defendant makes no mention of its own efforts to either contact or compel Cruz's attendance through additional subpoena or court order.

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to "strike" Cruz's deposition testimony is DENIED.

Dated:  Central Islip, New York
         October 24, 2022

                                        S O   O R D E R E D:

                                        /s/ *James M. Wicks*
                                            JAMES M. WICKS
                                        United States Magistrate Judge

---

[3] The parties are reminded that the deadline for the close of all fact discovery is October 31, 2022. (*See* Electronic Order dated September 8, 2022.)

7