UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SERGIO AVILA,

                        Plaintiff,

                      -against-

TARGET CORPORATION,

                        Defendant.
-------------------------------------------------------------X

**ORDER**

21-CV-907 (PKC)(JMW)

**A P P E A R A N C E S:**

Christopher Jon Longman, Esq.
**Siler & Ingber, LLP**
301 Mineola Blvd.
Mineola, NY 11501
*Attorney for Plaintiff Sergio Avila*

Michael C Lamendola, Esq.
**Simmons Jannace DeLuca, LLP**
43 Corporate Drive
Hauppauge, NY 11788
*Attorney for Defendant Target Corporation*

**WICKS,** Magistrate Judge:

      Plaintiff Sergio Avila ("Avila") moves to compel Defendant Target Corporation

("Target") to produce documents in response to Avila's demands.  (DE 44.)  Notwithstanding the

parties' meet and confer, the dispute over Target's responses to document demands remain.  For

the reasons that follow, the motion to compel is granted in part and denied in part.

1

# I.   <u>BACKGROUND</u>

As outlined in prior decisions of the Court (*see* DE 25, DE 34, DE 46), Avila slipped and fell in the electronics department of Target's store in Central Islip, New York.  Both the cause of the accident and the extent of injuries is at issue.  Discovery has been proceeding apace, albeit with periodic disputes requiring court intervention.  This time, Avila challenges each of Target's responses to the only four demands served upon Target.  Target asserted boilerplate objections to each of the four, and declined to produce documents.

> 1.   Interior floor layout of the subject Target Store as it existed on the date of accident evidencing the location of the Electronics' Department, Toy Department and the surrounding area(s).

> 2.   Target employee training materials (written and video) in effect at the time of Plaintiff's accident relating to perishable and non-perishable merchandise returned by and/or not purchased by Target customers.

> 3.   Written procedures Target employees including cashiers were instructed to follow relating to the return of merchandise (perishable and non-perishable) by Target customers in effect at the time of plaintiff's accident.

> 4.   Written and video depicted procedures Target employees were instructed to follow on the date of Plaintiff's accident relating to the restocking/reshelving of merchandise (perishable and non-perishable) at the subject Target store.

Avila's position is that based upon the deposition testimony adduced to date that the fall may have been caused by a white "yogurty" substance, coupled with the testimony of non-party former employee Jonathan Cruz stating that he came to Avila's aid and observed dripping from a restocking cart, each of the demands is appropriate and within the proper scope of the Federal Rules.

## II.      DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery.  Pursuant to Fed. R. Civ. P. 26:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'"  *Vaigasi v. Solow Mgmt. Corp.*, No. 11 Civ. 5088, 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401).  This standard is applied more liberally during discovery than at trial.  *Id.*  Since December of 2015, "Rule 26 now defines the scope of discovery to consist of information that is relevant to the parties' 'claims and defenses.'"  *Pothen v. Stony Brook Univ.*, No. CV 13-6170 (JFB)(AYS), 2017 WL 1025856, at *2 (E.D.N.Y. Mar. 15, 2017).  "Thus, the discretionary authority to allow discovery of 'any matter relevant to the subject matter involved in the action' has been eliminated," and permissible discovery under Rule 26 must be relevant "to any party's claim or defense," and that means "proportional to the needs of the case."  *Id.* at *3 (citing Fed. R. Civ. P. 26(b)(1)).  Proportionality goes "hand-in-hand" with relevance.  *New Falls Corp. v. Soni*, No. CV 16-6805 (ADS) (AKT), 2020 WL 2836787, at *2 (E.D.N.Y. May 29, 2020).  That is, the more relevant the information sought is, the less likely a Court would find the subject discovery disproportionate.  *Id.*

Target's responses contained the following timeworn objections, which are not so targeted: "Target objects to this demand as vague, ambiguous, overbroad in scope, unduly burdensome, seeks irrelevant information and, therefore, is unlikely to lead to discoverable evidence."   These objections are no longer valid under the Federal Rules, and the bar has been given ample "wake-up calls" time and time again since the 2015 amendments to the Federal Rules.  *See, e.g.*, *Fischer v. Forrest*, No. 14-Civ-1304 (PAE)(AJP), 2017 WL 773694, at *1 (S.D.N.Y. Feb. 28, 2017) ("It is time, once again, to issue a discovery wake-up call to the Bar in this District: the Federal Rules of Civil Procedure were amended effective December 1, 2015, and one change that affects the daily work of every litigator is to Rule 34."); *Sovereign Cape Cod Invs. LLC v. Eugene A. Bartow Ins. Agency, Inc.*, No. 20-CV-03902 (DG)(JMW), 2022 WL 624553, at *3 (E.D.N.Y. Mar. 3, 2022) (citing to the "wake-up call" in *Fischer*); *Cardwell v. Davis Polk & Wardwell LLP*, No. 1:19-CV-10256-GHW, 2021 WL 2650371, at *4 (S.D.N.Y. June 28, 2021) (same).  Those objections do not give rise to a proper ground to withhold or refuse to produce documents and should not appear in responses and objections served under Rule 34.

In its opposition to the instant motion, Target contends the motion is untimely,[1] violates Local Rule 37.1 and is simply an improper "fishing expedition."  (DE 45.)  Having considered the claims and defenses, along with the deposition testimony adduced, there is no basis to withhold any documents Target has in its possession, custody or control depicting the interior floor layout of the

---

[1] Although Target is correct that Avila's delay in filing the motion to less than two weeks before the close of discovery alone could be grounds to deny the motion, *see Colon v. City of N.Y.*, No. 12–CV–9205 (JMF), 2014 WL 4100607 (S.D.N.Y. 2014) (denying a plaintiff's letter seeking the court's intervention over unresolved discovery issues because the plaintiff failed to show good cause for failure to raise those issues in a more timely fashion), the Court declines to deny the motion on that ground under the circumstances presented.

4

subject Target Store as it existed on the date of accident evidencing the location of the
Electronics' Department and surrounding area.  Accordingly, Target's objections are overruled as
to demand No. 1, and Target is directed to produce responsive documents.  To the extent Target
claims no such documents exist, Target is directed to provide Avila with an affidavit or declaration
attesting to such. *See, e.g.*, *Brier v. D'Orazio*, No. 96 Civ. 8138 (SWK) (HBP), 1997 WL
394958, at *2-3 (S.D.N.Y. July 11, 1997) (requiring affidavit that no responsive documents
exist).

Further, the improper boilerplate objections aside, not all of Avila's document demands
are relevant and proportionate to the claims or defenses in the case.  Indeed, demands 2, 3 and 4
go far afield from the negligence claim in this case.  Those demands seek irrelevant information
concerning polices and procedures and Avila has simply not met his burden.  They are the classic
impermissible "fishing expedition" based purely on speculation.  *See Walsh v. Top Notch
Home Designs Corp.,* No. CV 20-05087 (GRB) (JMW), 2022 WL 3300190, at *1
(E.D.N.Y. Aug. 11, 2022); *see also Grand Bahama Petroleum Co., Ltd. v Asiatic Petroleum
Corp.*, 550 F.2d 1320, 1327 (2d Cir. 1977) (unsupported demands were "nothing more than
a fishing expedition").  Furthermore, aside from relying on a case that appears to bear no
relation to the discovery issues at hand,[2] Avila simply does not offer any legal authority or
support for its position which he is required to do.  *See* E.D.N.Y. Local Rule 37.1; *see also*

---

[2] Avila's citation to *Haug v. ITV Media, Inc.*, No. 13-CV-3439 (JFB)(SIL), 2017 WL 706194 (E.D.N.Y.
Feb. 22, 2017) is rather puzzling.  Although *Huag* is a decision on a motion to compel, the Court is
stumped as to how it supports Avila's arguments here.  And no explanation in the letter brief is offered.
(DE 44).

*New Falls Corp.*, 2020 WL 2836787, at *6 (noting that not only did movant fail to quote verbatim discovery demands, but legal authority was not provided).

### III.   <u>CONCLUSION</u>

For the foregoing reasons, Avila's motion to compel is granted in part and denied in part as follows:  GRANTED as to demand No.1, and DENIED as to demand Nos. 2, 3 and 4.

Dated:  Central Islip, New York
        October 25, 2022

S O   O R D E R E D:

/s/ *James M. Wicks*
        JAMES M. WICKS
   United States Magistrate Judge

6