FILED
CLERK
November 18, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SERGIO AVILA,

                Plaintiff,

**ORDER**

      -against-

21-CV-907 (PKC)(JMW)

TARGET CORPORATION,

               Defendant.
-------------------------------------------------------------X

**WICKS,** Magistrate Judge:

      This application raises the fundamental question of where a motion addressing compliance with a subpoena served upon a non-party out of state should be made – in the issuing court or the court that sits where the witness was served?

      "[A] valid subpoena is a legal instrument, non-compliance with which can constitute contempt of court." *Daval Steel Prods. v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir. 1991). Subpoenas that are validly issued and served "under Rule 45(a)(3) operate as enforceable mandates of the court on whose behalf they are served." *Freund v. Weinstein*, 2009 U.S. Dist. LEXIS 109387, *2 (E.D.N.Y. 2009). Rule 45(a) recognizes the "issuing court" as a "the court where the action is pending." Fed. R. Civ. P. 45(a)(2). The court where compliance is required is also contemplated by Rule 45(c) which states, in relevant part, that a "subpoena may command a person to attend" a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person."[1] Fed. R. Civ. P. 45(c)(1)(A). That is, the issuing court

---

[1] Under Rule 45(c), "place of service is not critical to place of compliance. Although Rule 45(a)(1)(A)(iii) permits the subpoena to direct a place of compliance, that place must be selected under Rule 45(c)." Fed. R. Civ. P. 45 advisory committee note to the 2013 amendments.

1

may very well be different that the court where compliance is sought.  Additionally, Rule 45(g) provides as follows:

> **(g) Contempt.** The court for the district where compliance is required--and also, after a motion is transferred, the issuing court--may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

Fed. R. Civ. P. 45(g).

"Rule 45(g) also requires that motions for contempt are to be filed in the court where compliance is required."[2]  *Borghetti v. CBD USA Grown, Inc.*, No. CV 19-798, 2021 WL 3913974, at *1 (W.D. Pa. Sept. 1, 2021).  Prior to the 2013 amendments to Rule 45, "the issuing court and the court of compliance were the same." *JMC Rest. Holdings, LLC v. Pevida*, No. 14 CIV. 6157 (WFK) (VMS), 2015 WL 2240492, at *3 (E.D.N.Y. May 12, 2015). However, under the current version of Rule 45, "the issuing court is the court where the litigation is pending." *Id.* And while the issuing court may be more convenient for the parties, this convenience is balanced against the interests of the non-resident nonparty.  *See id.* ("The nonparty's interests are protected by having the court in which compliance is required-which, per Rule 45(c), will be a court local to the nonparty-handle disputes over compliance.").

The pursuit of the witness at issue here, Jonathan Cruz, has a history. Plaintiff initially subpoenaed Cruz, a former Target employee.  He was deposed. At the deposition, Target was afforded the opportunity to cross-examine the witness, which it did. Before the deposition concluded, however, Cruz abruptly announced he had to depart for work. The parties, as well as Cruz, agreed on the record to continue the deposition on June 17, 2022. (DE 41 at 2; DE 41-2 at

---

[2] Pursuant to Rule 45(f), the court of compliance may transfer a subpoena-related motion to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances," when the issuing court is not the court where compliance is required.  Fed. R. Civ. P. 45(f).

150 - 53.) June 17 came and went, and Cruz failed to appear despite Plaintiff's counsel's attempts to contact him through several phone calls and a text message while on the record. (DE 41 at 2; DE 41-4 at 4-8.) Plaintiff thereafter made no further efforts to compel Cruz's return. (DE 41 at 3.) Defendant moved to strike Cruz's testimony (DE 41) which was denied on October 24, 2022 (DE 46). As a result, on October 26, 2022, Defendant served a subpoena by personal service upon Cruz in Ashtabula, Ohio, to appear "virtually" for a deposition in Hauppauge, New York on October 31, 2022. (DE 49-1.) Needless to say, Cruz never appeared for the scheduled deposition, and before the Court at this time is Defendant's application to hold Cruz in contempt or alternatively for an order directing him to appear. (DE 49.)

Motions seeking to enforce or quash subpoenas are properly made in the court within the district that compliance is sought, and not the issuing court. *See, e.g., Borghetti*, 2021 WL 3913974, at *1 (denying motions to compel and for contempt when "neither of the pending [motions] were filed 'in the court for the district where compliance is required'"); *JMC Rest. Holdings, LLC*, 2015 WL 2240492, at *5 (denying motion to compel a nonparty where the court of compliance was the Southern District of New York and the parties filed subpoena-related motions with the Eastern District of New York); *Simmons v. Fervent Elec. Corp.*, No. 14-CV-1804 (ARR) (MDG), 2014 WL 4285762, at *1 (E.D.N.Y. Aug. 29, 2014) (court lacked jurisdiction to address motion since filed with court where the action was pending, and not court where compliance sought); *KGK Jewelry LLC v. ESDNetwork*, No. 11 CIV. 9236 (LTS) (RLE), 2014 WL 1199326, at *2-4 (S.D.N.Y. Mar. 21, 2014) (denying motion to quash four nonparty subpoenas when they were filed in the Southern District of New York, but the courts of compliance were the District of New Hampshire and the District of Rhode Island). Accordingly, since Defendants filed their motion in the court where the litigation is pending instead of the

court where compliance is required, this Court lacks jurisdiction to enforce compliance with the subpoena. The proper venue for this motion is the Northern District of Ohio.

Defendant's reliance upon *Greenberg v. Bovis Lend Lease, Inc.*, No. CV 2010-0897 (JBW)(MDG), 2012 U.S. Dist. LEXIS 26427, at *3 (E.D.N.Y. Feb. 29, 2012), is unpersuasive and does not change this result. That case did not involve an out-of-state nonparty witness, and was also decided prior to the enactment of the 2013 amendments.

Based upon the foregoing, Defendant's motion for contempt (DE 49) is denied. The status conference scheduled for November 23, 2022 is hereby rescheduled to December 19, 2022 at 2:00 pm by Zoom.

Dated: Central Islip, New York
November 18, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

4