UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SERGIO AVILA,

                Plaintiff,

      -against-

TARGET CORPORATION,

               Defendant.
-------------------------------------------------------------X

FILED
CLERK

November 30, 2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

21-CV-907 (PKC)(JMW)

**WICKS,** Magistrate Judge:

      Before the Court is Defendant Target Corporation's ("Target") motion to compel the deposition of treating physician David Weissberg, M.D. to appear for a deposition and set a reasonable compensation rate (DE 50). Plaintiff opposes that portion of the application as to the amount of the fee Target seeks to set (DE 52). Plaintiff does not oppose an Order directing Dr. Weissberg to appear for his deposition (*id.*), presumably because the Federal Rules of Civil Procedure unequivocally provide that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4). And, Dr. Weissberg has indeed been identified as an expert. (DE 52, at 1).

      As to the expert fees, the burden of demonstrating that the fee sought is reasonable rests squarely with the party seeking to be reimbursed – here, Plaintiff. *See New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 468 (W.D.N.Y.2002); *see also Marin v. United States*, 2008 WL 5351935, at *1 (S.D.N.Y. Dec. 22, 2008) (collecting cases). If Plaintiff in this case fails to meet his burden of demonstrating reasonableness of the fee, then "the court may use its discretion to determine a reasonable fee." *New York v. Solvent Chem. Co.*, 210 F.R.D. at 468. Simply because a party has

1

chosen an expert of its choice bearing a high price tag, that does not necessarily follow that the chosen expert's self-described fee is reasonable. *See Reit v. Post Props., Inc.*, 2010 WL 4537044, at *2 (S.D.N.Y. Nov. 4, 2010) ("While a party may contract with any expert it chooses, the court will not automatically tax the opposing party with any unreasonable fees charged by the expert").

Here, Defendant offers little in the way of guidance or support as to the reasonableness of the rate of $750 per hour requested by him (DE 52, at 2). Rather, he discloses merely that "Dr. Weissberg has indicated that he wishes to be compensated at a rate of $1000 per hour for his deposition." *Id.* at 1.

When a Court is presented with an application to determine the reasonableness of the proposed fee, guidance is sought from the following factors:

> "(1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight that is sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographical area; (6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26; (7) the fee being charged by the expert to the party who retained him; and (8) fees traditionally charged by the expert on related matters". *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D. 205, 206 (E.D.N.Y. 2015) (citation omitted). "None of the foregoing factors have talismanic qualities. Instead, they provide a guide for the Court to utilize." *Magee v. The Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 645 (E.D.N.Y.1997).

*Heiser v. Collorafi,* 14-CV-464, 2016 WL 1559592 (N.D.N.Y. Apr. 18, 2016).

Reviewing what other courts within this Circuit have held provides some guidance. However, those cases must be viewed through the lens of time, that is, consideration should be given to the age of the cases so holding. Generally, the available current authority appears to conclude that a rate of between $400 and $500 per hour is reasonable for a treating orthopedic surgeon. *See Souvenir v. Jordan*, 2022 WL 12399329 (S.D.N.Y. Oct. 21, 2022)($450 per hour reasonable for board-certified orthopedic surgeon retained by plaintiff as expert); *Ey v. Sam's*

2

*East Inc.*,2020 WL 2415560 (S.D.N.Y. May 12, 2020) ($400 reasonable for expert orthopedic surgeon); *Korabik v. Arcelormittal Plate LLC*, 310 F.R.D.205, 208 (E.D.N.Y, 2015) (seven years ago, "[i]n this district, 'expert orthopedic surgeons consistently have been awarded $400 per hour'", but court awarded $475 per hour); *Ortiz v. Aircraft Serv. Intern. Group*, 2013 WL 5307995 (E.D.N.Y. Sept. 19, 2013) (ten years ago, $400 per hour for orthopedic surgeons deemed reasonable).

Plaintiff offers nothing in the way of case law support or any detailed background on Dr. Weissberg to support a finding that $750 per hour would be reasonable and consistent with existing authority (DE 52).  Accordingly, considering the record presented here, the Court in its discretion sets, as a reasonable fee, the amount of $500 per hour for Dr. Weissberg's expert deposition.

## CONCLUSION

Based upon the foregoing, Defendant's motion to direct Dr. Weissberg to appear for his deposition is granted, and his fee for the deposition is set at $500 per hour.

Dated:  Central Islip, New York
        November 30, 2022

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

3